(Slip Opinion)

# Reappointment of a Member of the National Credit Union Administration Board

A member of the National Credit Union Administration Board initially appointed to a partial term is eligible for reappointment under 12 U.S.C. § 1752a(c) regardless of whether the member's first appointment was for the remainder of a term that became vacant mid-term or that had no prior appointee.

December 10, 2021

MEMORANDUM OPINION FOR THE
DEPUTY COUNSEL TO THE PRESIDENT

You have asked whether a member of the National Credit Union Administration Board ("Board") is subject to the statutory prohibition on reappointment, 12 U.S.C. § 1752a(c), if that member's prior appointment was for the remainder of a term that had not previously been filled through an appointment by the President. Section 1752a of title 12 provides that the three members of the Board shall be appointed by the President, by and with the advice and consent of the Senate, to staggered terms of six years. *Id.* § 1752a(b)(1), (c). A member may "continue to serve as such after the expiration of said member's term until a successor has qualified," *id.* § 1752a(c), but there is an express limitation on reappointment. Section 1752a(c) provides that "Board members shall not be appointed to succeed themselves except the initial members appointed for less than a six-year term may be reappointed for a full six-year term and future members appointed to fill unexpired terms may be reappointed for a full six-year term." *Id.*

Your question focuses on the meaning of "unexpired term" in section 1752a—namely, whether a partial term can be considered an "unexpired term" only if a prior member was appointed at the beginning of that same term and then vacated the office mid-term. For the reasons we explain below, we think the answer to that question is "no," and a member is appointed to an "unexpired term" for purposes of section 1752a when the appointment is for the remainder of a term that has already commenced, regardless of whether the member's predecessor was in office at the beginning of that term.

1

## I.

The question arises from the pending nomination of the incumbent Board Chairman, Todd Harper, for reappointment as a member of the Board.[1] Chairman Harper was first appointed by the President as a member of the Board on March 28, 2019, "for a term expiring April 10, 2021, vice Deborah Matz," PN364, 116th Cong. (2019), https://www.congress.gov/nomination/116th-congress/364, and he was sworn in on April 8, 2019. Ms. Matz had been appointed to a term that expired in 2015, and when it concluded, she served in a holdover capacity until 2016. Chairman Harper is himself currently holding over as a member of the Board, consistent with the holdover provision of the statute. 12 U.S.C. § 1752a(c). In August, the President nominated Chairman Harper for reappointment to his current seat "for a term expiring April 10, 2027." PN1023, 117th Cong. (2021), https://www.congress.gov/nomination/117th-congress/1023. In a letter dated October 21, 2021, Senator Pat Toomey, in his capacity as Ranking Member of the Committee on Banking, Housing, and Urban Affairs, sought an explanation from Chairman Harper as to why his nomination for reappointment did not violate the statutory prohibition on reappointment. *See* Letter for Todd Harper, Chairman, National Credit Union Administration, from Pat Toomey, Ranking Member, Committee on Banking, Housing, and Urban Affairs, U.S. Senate (Oct. 21, 2021) ("Ranking Member Letter"). The letter suggests that the term to which Chairman Harper was appointed in 2019—which ran from April 2015 until April 2021—was not an "unexpired term" for purposes of section 1752a(c) because no one occupied that seat on the Board in a non-holdover capacity between April 2015 and April 2019, when Chairman Harper was appointed.

## II.

We think that an "unexpired term" under section 1752a(c) includes both terms that become vacant mid-term and those that begin without any

---

[1] Under 12 U.S.C. § 1752a(b)(1), the President appoints individuals as members of the Board, by and with the advice and consent of the Senate, and then "designate[s] the Chairman." President Biden designated Chairman Harper on January 20, 2021. *See* National Credit Union Administration: The Honorable Todd M. Harper, https://www.ncua.gov/about/leadership/honorable-todd-m-harper.

occupant serving in a non-holdover capacity. Section 1752a(c) contemplates that the terms of Board members shall be staggered, with one term expiring every two years. In order to preserve the staggering, appointments to fill the seats of members must run "with the calendar," meaning that each member "'must be assigned to a fixed, six-year 'slot' of time,' beginning with the end of his or her predecessor's term." *Terms of Members of the Civil Rights Commission*, 28 Op. O.L.C. 291, 292 (2004) ("*Civil Rights Commission*") (quoting *United States v. Wilson*, 290 F.3d 347, 353 (D.C. Cir. 2002)). Each slot of time expires on a particular date regardless of whether a member has been appointed to fill the slot and, therefore, an appointment made to a slot in progress is plainly an "unexpired term."

Along with the D.C. Circuit, we have previously declined to distinguish between appointments to slots on staggered boards that have been open for the entirety of their term and those that had an occupant during the term. In *Civil Rights Commission*, we concluded that the terms of members of that staggered board ran for six years from the expiration of the predecessors' terms. *Id.* at 293. Tracking the D.C. Circuit's conclusion in *Wilson*, 290 F.3d 347, we noted that the terms on a staggered board must be treated the same way, no matter when the previous occupant left office. *Civil Rights Commission*, 28 Op. O.L.C. at 293. "For it to be otherwise would disrupt the fixed and staggered six-year terms that run with the calendar." *Id.* at 292 (quoting *Wilson*, 290 F.3d at 355).

A similar analysis applies to our interpretation of "unexpired term" in section 1752a(c). When a "term" runs with the calendar, the "term" is one in a succession of fixed six-year slots of time, without regard to whether the position is actually filled. Further, nothing in the statute or the legislative history suggests that Congress intended for members appointed to partial terms to be treated differently depending on whether there was a predecessor appointee at the beginning of the term. And we can think of no legislative purpose that would be furthered by permitting the reappointment of someone who replaced a member who resigned mid-term and prohibiting the reappointment of someone like Chairman Harper who was appointed to complete the tail end of a term in progress that had no prior appointee (but that did have a holdover official who had served in the initial part of the term). With respect to the total time that a member would have served before the second possible appointment, the two situations are indistinguishable.

## III.

We recognize that there are statutes that use the phrase "unexpired term" when discussing appointments to fill "a vacancy caused by the death, resignation, or removal of any member prior to the expiration of the term for which he was appointed." Ranking Member Letter at 1 n.3 (noting that 30 U.S.C. § 823(b)(1)(B), relating to the Federal Mine Safety and Health Review Commission, and 29 U.S.C. § 661(b), relating to the Occupational Safety and Health Review Commission, both provide that such vacancies "shall be filled only for the remainder of such unexpired term"). But Congress's using the phrase "unexpired terms" to identify how mid-term vacancies shall be filled does not rule out the possibility that never-occupied terms (including terms during which the predecessor served in a holdover capacity) also may be considered "unexpired." No reference to "death, resignation, or removal" appears in the language at issue here, and, in any event, these other statutory references do not necessarily mean that Congress uses the phrase "unexpired term" only when it intends to refer to a term to which someone previously had been appointed. Rather, they show that Congress regularly takes steps to preserve the staggering of multi-member boards throughout the government, by underscoring that terms run with the calendar. We would read section 1752a(c) in a manner consistent with that legislative purpose.

For these reasons, we conclude that Chairman Harper's first appointment as a member of the Board was to an "unexpired term" and he therefore is eligible for reappointment. Please let us know if we may provide any further assistance.

CHRISTOPHER H. SCHROEDER
*Assistant Attorney General*
*Office of Legal Counsel*